IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAIM SARWAR,<br>　　　　Plaintiff,<br>　v.<br>HOTELS AND STUFF, INC., et al,<br>　　　　Defendants. | No. 2:20-cv-01393 CB |
| DEBORAH LAUFER,<br>　　　　Plaintiff,<br>　v.<br>TRIBHUVAN REAL ESTATE LP,<br>　　　　Defendants. | No. 2:20-cv-01188-MRH |
| SAIM SARWAR,<br>　　　　Plaintiff,<br>　v.<br>MOHAMMAD,<br>　　　　Defendant, | No. 2:20-cv-01391-NR |
| SAIM SARWAR,<br>　　　　Plaintiff,<br>　v.<br>MiLLENIUM HOTELS INC.,<br>　　　　Defendant. | No. 2:20-cv-01469-RJC |
| DEBORAH LAUFER,<br>　　　　Plaintiff,<br>　v.<br>KOVAKEN LLC,<br>　　　　Defendant. | No. 3:20-cv-0177-RJC |
| SAIM SARWAR,<br>　　　　Plaintiff,<br>　v.<br>BEIDMAN, et al,<br>　　　　Defendants. | No. 3:20-cv-00210 SLH |

**MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2) TO CONSOLIDATE**

　　Defendant Hotels and Stuff, Inc., in case 2:20-cv-1393-CB, by and through its undersigned counsel, moves this Court to consolidate these identical cases:

　　1.  Defendant contacted counsel for the Plaintiff and via email advises he opposes the relief

    requested in this motion.

2. Plaintiffs, by and through the Thomas A. Bacon law firm, using Tristan Gillespie, as counsel, filed several "half" class action lawsuits with the identical cookie-cutter language. That is, each lawsuit claims in the first paragraph to be filed individually and on behalf of others similarly situated, but no other class action allegations or compliance with Rule 23 is present.

3. However, as soon as an attorney appears for a defendant in the action, they receive a boilerplate settlement demand from counsel. The demand asks for attorney fees of $10,000 for a full release and $6,500 for a partial release.

4. Problematic is that Rule 23 prohibits this Court from allowing the settlement of a lawsuit on behalf of those "similarly situated" without court approval, notice to the class parties (those similarly situated), and a time period for objections. Even without certification as a class action, demanding excessive legal fees under the threat of a class action appears somewhat unethical.

5. More problematic is why counsel should receive $10,000 or $6,500 for a lawsuit that took less than 20 minutes to copy and paste and change the caption.

6. The facts of the lawsuits are identical: Some plaintiff allegedly accessed websites belonging to Expedia Group and Booking.com. While Plaintiff cites different websites, they are all owned by either Expedia or Booking. Specifically, Expedia owns the search engines known as Expedia, Orbitz, Tripadvisor, Hotwire, Travelocity, Bookety, and many others. Booking.com B.V. owns Booking.com, Priceline.com, and others. Whatever name is found in the Complaint, it belongs to either Expedia or Booking.

7. Plaintiffs' counsel never sues the website operators. The reason is obvious: Their proactive compliance departments would fix all the errors at once and Plaintiffs would need to identify all the alleged deficiencies at one time.

8. Moreover, Plaintiffs entered an arbitration agreement with Expedia Group as to all of their affiliated websites. That arbitration agreement requires that they provide Expedia sixty (60) days to fix the problems and to submit the dispute to arbitration. See Attached Exhibit A.

9. As the lawsuits are identical, there is no question that the facts are identical warranting consolidation.

10. With respect to common questions of law, the jurisdictional questions that exist in each lawsuit are identical and include the following:

   a. Whether Counsel is liable pursuant to 28 USC 1927 for filing hundreds of cookie-cutter lawsuits in a manner to increase litigation costs, extract payments to the firm for unjustified attorney fees, when consolidated lawsuits and/or joining Expedia and Booking.com would resolve the hundreds of lawsuits promptly and efficiently?

   b. Considering that Plaintiffs are filing hundreds of cookie-cutter lawsuits nationwide, and the Americans With Disabilities Act provides no provision for damages, whether an unlawful fee splitting arrangement or other improper financial incentive has been provided to the Plaintiffs by legal counsel?[1]

   c. Whether this Court lacks jurisdiction considering that the real parties in interest are the hotel search engines that entered into an agreement with Plaintiffs, yet the indispensable parties Expedia Group and Booking.com B.V. are not named in the case?

   d. Whether this Plaintiffs must properly plead the Rule 23 requirements to proceed on behalf of those "similarly situated?"

   e. Whether Plaintiffs maintain constitutional standing to maintain this lawsuit?

11. Consolidation will allow orderly discovery, reduced costs, coordinated motions, and eliminate conflicting decisions.

---

[1] Hotels and Stuff does not suggest that being an Americans with Disabilities Act "tester" is somehow improper. However, a person with a *bona fide* dispute regarding Expedia and Booking.com's websites would most porbably want to resolve the situation once and for all. Filing hundreds of lawsuits does not solve the problem with Expedia or Booking.com since plaintiffs deliberately omit the search engines as a party. Defendant ponders, "For what reason would a plaintiff sit all day banging on a computer keyboard finding hotels to sue if they were receiving no reward for doing so when a single lawsuit could have fixed the problem?"

12. This Court could also impose the proper advertising requirements so that Plaintiffs may proceed on behalf of others similarly situated as required by Rule 23.

13. Finally, if the Plaintiffs prevail or settle the case, this Court can oversee the correct amount of attorney fees to award considering the major windfall of settling hundreds of cookie-cutter lawsuits nationwide – lawsuits that the various courts never had authority to compromise considering the suit was filed on behalf of "others" similarly situated without administering the cases as class actions.

14. Consolidation will allow the Court can use its inherent power to control these cookie-cutter lawsuits to assure fair and consistent results.

WHEREFORE, Defendant Hotels and Stuff Inc. respectfully requests that these actions be consolidated for pretrial matters.

Respectfully submitted,

*/s/ J. Allen Roth, Esq.*  _____
J. Allen Roth, Esq.
757 Lloyd Avenue, Suite B
Latrobe, PA  15650
(724) 537-0939

ATTORNEY FOR HOTELS AND STUFF INC.

## CERTIFICATE OF SERVICE

      As all appearing parties are registered in the Court's ECF system, electronic notification will be provided upon the filing of this motion.

      */s/ J. Allen Roth, Esq.*  _____
J. Allen Roth, Esq.
757 Lloyd Avenue, Suite B
Latrobe, PA  15650
(724) 537-0939

ATTORNEY FOR HOTELS AND STUFF INC.